**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------------X
ANTHONY LOBBAN,

                        Plaintiff,

                -against-

CROMWELL TOWERS APARTMENTS, LIMITED PARTNERSHIP, METROPOLITIAN REALTY GROUP, LLC, GPJ CROMWELL LLC, and JOHN CARROLLO, *individually*,

                      Defendants.

------------------------------------------------------------------------------X

Case No.

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Plaintiff, ANTHONY LOBBAN, by his attorneys, PHILLIPS & ASSOCIATES, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

**NATURE OF THE CASE**

1. Plaintiff brings this action charging that Defendants violated **42 U.S.C. § 1981**, **Title VII of the Civil Rights Act of 1964**, as amended, 42 U.S.C. § 2000e et. seq. ("Title VII"), the **New York State Human Rights Law**, New York State Executive Law, § 296 et. seq. ("NYSHRL"), and the **New York City Human Rights Law**, New York City Administrative Code § 8-107, et. seq. ("NYCHRL"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated and retaliated against on the basis of race (Black).

2. In addition, Plaintiff complains of Defendants' willful violation of the Fair Labor Standards Act, § 215 et. al. ("FLSA"), and the New York Labor Law ("NYLL") § 193, et. al., for Defendants' **unlawful retaliation against Plaintiff for complaining about unpaid wages**.

## JURISDICTION AND VENUE

3.   Jurisdiction of this Court is proper under 42 U.S.C. § 1981, 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343.

4.   The Court has supplemental jurisdiction over the claims of Plaintiff brought under state and city law pursuant to 28 U.S.C. § 1367.

5.   Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b), based upon the fact that the claims alleged herein took place within the Southern District of New York.

## PROCEDURAL PREREQUISITES

6.   Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

7.   Plaintiff received a Notice of Right to Sue from the EEOC, dated November 3, 2017, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

8.   This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

## PARTIES

9.   That at all times relevant hereto, Plaintiff ANTHONY LOBBAN ("Plaintiff") is a resident of the State of New York and County of Richmond.

10.   That at all times relevant hereto, Defendant CROMWELL TOWERS APARTMENTS, LIMITED PARTNERSHIP ("CROMWELL") is a domestic limited partnership with a principal place of business at 15 West 39th Street, New York, New York 10018.

11.   That at all times relevant hereto, Defendant METROPOLITAN REALTY GROUP, LLC ("MRG") is a domestic limited partnership with a principal place of business at 60 Cuttermill Road, Suite 200, Great Neck, New York 11021.

12.   That at all times relevant hereto, Defendant GPJ CROMWELL LLC ("GPJ") is a domestic

limited partnership with a principal place of business at 60 Cuttermill Road, Suite 200, Great Neck, New York 11021.

13. Defendants CROMWELL, MRG, and GPJ (hereinafter, "Corporate Defendants"), are joint employers. Their sole business purposes are the operation and maintenance of various apartments, including but not limited to an apartment located at 77 Locust Hill Avenue, Yonkers, New York 10701 (the "Location").

14. The Corporate Defendants share space, employees, and resources.

15. Top management hold the same position and exercise their authority over all the Corporate Defendants.

16. As an example, Scott Jaffee, is the registered agent for the Corporate Defendants.

17. As a second example, despite working for Defendant CROMWELL, Plaintiff was paid by Defendant GPJ.

18. As a third example, individuals who Plaintiff complained to, are listed as team members of Defendant MRG, despite being held out as employees of Defendant CROMWELL.

19. That at all times relevant hereto, Plaintiff was an employee of Corporate Defendants.

20. That at all times relevant hereto, Defendant JOHN CARROLLO ("CARROLLO") was an employee holding the title of "Manager" for Corporate Defendants.

21. That at all times relevant hereto, Defendant CARROLLO was Plaintiff's supervisor and/or had supervisory authority over Plaintiff. Defendant CARROLLO had the authority to hire, fire or affect the terms and conditions of Plaintiff's employment.

22. Plaintiff is a Black male.

23. Defendant CARROLLO is a White male.

24. That at all times relevant hereto, Defendants, CROMWELL, MRG, GPJ, and

3

CARROLLO, are collectively referred to herein as "Defendants."

## MATERIAL FACTS

25. On or around July 3, 2009, Plaintiff began his employment with Corporate Defendants, as a "Porter."

26. Towards the end of Plaintiff's employment, Plaintiff was earning an hourly rate of approximately $ 19.88 per hour and worked 5:00 a.m. to 2:00 p.m., approximately 40 hours per week.

27. Plaintiff had an expected 2017 salary of approximately $ 41,350.40.

28. At all times relevant hereto, Plaintiff was an exemplary employee and received compliments for her work performance.

29. In or about the Spring of 2010, Defendant CARROLLO tried to familiarize himself with Plaintiff by using slang words and stereotypical African American vernacular, such as "hook a brother up" and "do a brother a favor."

30. Plaintiff found this offensive; particularly since Defendant CARROLLO did not speak to any of Plaintiff's white counterparts in this way.

31. On or around January 13, 2011, Plaintiff began work at 6:00 a.m. and finished his daily assignments by around 7:15 a.m.

32. On or around January 2011, Plaintiff went to SEIU 32BJ's New Rochelle Office, to meet with Trevor Bolden and Steve Horbachevsky, two union delegates, to inquire about what could be done about the discriminatory conduct, without him filing a grievance.

33. Once Plaintiff returned to work, Defendant CARROLLO began harassing and threatening Plaintiff saying, Plaintiff "opened a can of worms" by going to the union. He further advised that he would retaliate against Plaintiff by writing him up because "we settle issues

4

in house."

34. Defendant CARROLLO began using terminology like "hook a nigger up" and "do a Nigger a favor." He spoke to Plaintiff using the word "nigger" almost every time he saw Plaintiff. Plaintiff found Defendant CARROLLO's usage of the word offensive.

35. Defendant CARROLLO was without regard to Plaintiff and lacked basic professionalism or respect. He often behaved in a matter that communicated that he was above reproach. An example of this is the flagrant manner in which he discriminated against Plaintiff and sexually harassed women in the office.

36. Defendant CARROLLO began sexually harassing the Office Manager and Secretary, as well as, other female employees. He did so openly and in Plaintiff's presence. He made sexually offensive comments like, "I'll bend you over" and saying his penis is like "a baby's arm holding an apple." The female employees appeared visibly uncomfortable. Many of them recoiled and looked away from Defendant CARROLLO when he approached. Plaintiff found the comments and the treatment of these female employees offensive.

37. In or about Winter/Spring of 2012, Plaintiff contacted Alex Vargas ("Mr. Vargas"), Plaintiff's new Union Delegate, and complained about Defendant CARROLLO's discriminatory use of the word "nigger" with and towards Plaintiff.

38. Mr. Vargas told Plaintiff that he had to record Defendant CARROLLO using the discriminatory language, which would be the only way to prove such claims.

39. Throughout 2013 and 2014, Defendant CARROLLO would regularly use the "nigger" and "nigga" towards Plaintiff, with Plaintiff, and about tenants.

40. In or around April 2015, Defendant CARROLLO began verbally disrespecting Plaintiff,

5

by cursing Plaintiff out, whenever Plaintiff objected to discriminatory treatment. This was in addition to being called and calling others "nigger" by CARROLLO.

41. On or about August 10, 2015, Plaintiff confronted Defendant CARROLLO regarding his pattern of short changing Plaintiff as to his pay under his contract. When Plaintiff indicated to Defendant CARROLLO that he would complain, Defendant CARROLLO confidently advised that he would not be disciplined in any way.

42. Between September 7, 2015 and September 9, 2015, Plaintiff e-mailed Scott Jaffee ("Mr. Jaffee"), Defendant's Owner, about the discrepancies in his pay.

43. In or about Winter of 2015, Plaintiff was repaid a small percentage of what he was actually owed. The fact that Plaintiff was paid anything considerably upset Defendant CARROLLO.

44. Defendant CARROLLO's discriminatory treatment against Plaintiff remained constant despite Plaintiff's complaints.

45. By way of example, Plaintiff's pay checks continued being irregular and incorrectly paid on a frequent basis. Plaintiff would often have to speak with the payroll department to correct the discrepancies in his pay.

46. On or about December 7, 2015, Plaintiff complained to Defendant CARROLLO regarding a deduction for uniform maintenance which was against Plaintiff's union contract. Defendant CARROLLO responded by stating, "fuck what the contact says, you pay for it." Plaintiff was taken aback by comment. Plaintiff then proceeded to complain to Mr. Jaffe regarding the issue.  Mr. Jaffe proceeded to correct Plaintiff's check.

47. Furthermore, Defendant CARROLLO's usage of "nigger" toward Plaintiff became combative. Upon information and belief, this was to provoke Plaintiff. For example, on or

about December 21, 2015, Defendant CARROLLO told Plaintiff "don't be a nigger, don't stay in the trash room for 20 years, go find another job."

48.    Defendant CARROLLO further stated that Plaintiff had "won," referencing the previous uniform issue. Defendant CARROLLO additionally conveyed to Plaintiff that Mr. Jaffe had stated that Plaintiff could "go fuck [him]self and go through the union next time" in response to Plaintiff's complaint regarding the uniform deduction.  Plaintiff was shocked and taken aback by the statement. Defendant CARROLLO then proceeded to reiterate the statement to Plaintiff.

49.    On or around April 29, 2016, Plaintiff was not properly paid for two vacation days owed. Plaintiff complained. In response, Phil Gambino ("Mr. Gambino"), Defendant CROMWELL's Owning Partner and Chief Financial Officer for Defendant MRG, threatened war with the Union over this error. Plaintiff's pay was later corrected and a check was delivered to Plaintiff.  Mr. Jaffe's previous statement, on or about December 21, 2015, had deterred Plaintiff from complaining about the ongoing discriminatory and retaliatory concerns to management.

50.    Soon thereafter, Plaintiff's wage statements began becoming irregular again and he was not properly paid for his overtime and other side jobs done for Defendants.

51.    In or about late Spring of 2016, after questioning Defendant CARROLLO about his time corrections, Defendant CARROLLO pulled out his phone and flicked it in Plaintiff's direction. This movement opened an app that made a horse whip cracking sound, followed by the voice of a person screaming in pain. Defendant CARROLLO laughed, "I thought of you, when I got this."

52.    Defendant CARROLLO's use of the cracking of the whip and the responding scream app

toward Plaintiff was offensive due to its similarity to the abuse suffered by enslaved Africans by white masters.

53.    When Plaintiff asked Defendant CARROLLO to stop, he cracked the whip app two more times. Thereafter, CARROLLO would often "crack the whip" app toward Plaintiff when giving instruction for tasks or in response to pay discrepancies.

54.    On or about June 2, 2016, Defendant CARROLLO let himself into the Eastside Compactor room, where he began to vent and curse about upper management to Plaintiff. During Defendant CARROLLO's rant, he mentioned the remake of the "Roots" movie, to which Plaintiff replied that he had never seen the original. Defendant CARROLLO responds, "oh [you] should have, Kunta[1]."

55.    Later in the conversation, Defendant CARROLLO recounts Plaintiff's issue and conversation with Mr. Gambino. In response, Plaintiff awkwardly laughed about it and said that was hilarious. Defendant CARROLLO responded by saying "you must've scared a nigger."

56.    On or around July 5, 2016, while Plaintiff was on break, Defendant CARROLLO walked into the break room and stood over Plaintiff, as he ate. Defendant CARROLLO stated, "damn a nigger eating good."

57.    Approximately one week later, Plaintiff was suspended after Plaintiff protested working overtime, when he was not being paid for it. Plaintiff also complained about being verbally discriminated against by Defendant CARROLLO, in front of other co-workers.

58.    Soon thereafter, Defendant CARROLLO suspended Plaintiff for three (3) days.

59.    On August 17, 2016, Plaintiff filed a charge of race discrimination and retaliation with the

---

[1] Kunta Kinte is a fictional character portrayal of an enslaved African who is beat into submission in the novel "Roots: The Saga of an American Family," by the American author Alex Haley.

8

EEOC, Charge No. 520-2016-03038.

60. On September 13, 2016, the EEOC mailed Defendant a "Notice of the Charge of Discrimination," along with Plaintiff's charge particulars.

61. On September 19, 2016, Defendant CARROLLO approached Plaintiff, in the Porters' Room, and asked Plaintiff if he filed an EEOC Charge against him stating that Defendant CARROLLO called Plaintiff "nigger." Plaintiff stated, "yes." Approximately five minutes later, Defendant CARROLLO approached Plaintiff, in the Compactor Room, and showed him the Office's copy of Plaintiff's EEOC Charge. Defendant CARROLLO scolded Plaintiff.

62. On or about September 24, 2016, Plaintiff worked that day, despite being scheduled to be off, because he was covering for a co-worker.

63. That day, Jorge Lugo, Director of Acquisitions, and Stewart Weinberger, Esq., Defendant's Attorney, came to the building and took pictures of the garbage area, where Plaintiff usually worked.

64. On September 27, 2016, Defendants terminated Plaintiff under the guise of his failure to properly perform his duties.

65. On November 3, 2016, Plaintiff filed a Charge of Discrimination for Retaliation with the EEOC, Charge No. 520-2017-00321.

66. Plaintiff was unlawfully treated, humiliated, degraded, victimized and embarrassed and, as a result, suffers loss of rights, emotional distress, and physical ailments and injuries.

67. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

68. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer emotional pain, inconvenience, loss of enjoyment of life, and other non-

pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

69.    Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages as against all the Defendants, jointly and severally.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER 42 U.S.C. § 1981**

70.    Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

71.    42 U.S.C. § 1981 states in relevant part as follows:

>    1.    Statement of equal rights
>
>    All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
>    2.    "Make and enforce contracts" defined
>
>    For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

72.    Plaintiff was discriminated against on the basis of his race (Black) as provided under 42 U.S.C. § 1981 and have suffered damages as set forth herein.

**AS A SECOND CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
**(Not Against Individual Defendant)**

73.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

74.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et. seq., for relief based upon the unlawful employment practices of the Defendants. Plaintiff complains of Defendants', CROMWELL, MRG, and GPJ, violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race.

75.    Defendants, CROMWELL, MRG, and GPJ, engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et. seq., by discriminating against Plaintiff because of his race (black).

### AS A THIRD CAUSE OF ACTION
### FOR RETALIATION UNDER TITLE VII
### (Not Against Individual Defendant)

76.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

77.    Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> (1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

78.    Defendants, CROMWELL, MRG, and GPJ, engaged in unlawful employment practice prohibited by 42 U.S.C. § 2000e et. seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of the Defendants, CROMWELL, MRG, and GPJ.

### AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK STATE EXECUTIVE LAW

79.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

11

this Complaint as if more fully set forth herein at length.

80.     Executive Law § 296 provides that,

> 1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, **race**, creed, color, national origin, sexual orientation, military status, **sex**, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

81.     Defendant engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his race (Black).

## AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK STATE EXECUTIVE LAW

82.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

83.     Executive Law § 296 provides that, "7. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

84.     Defendant engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his opposition to the unlawful employment practices of the Defendants.

## AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

85.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

86.     New York City Administrative Code §8-107(1) provides that

> It shall be an unlawful discriminatory practice: (a) For an employer

12

or an employee or agent thereof, because of the actual or perceived age, **race**, creed, **color**, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

87. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of his race (black).

## AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

88. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

89. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

90. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of the Defendants.

## AS A EIGHTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE (Against Individual Defendant)

91. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

92. The New York City Administrative Code §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

13

93.   Defendant CARROLLO engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS A NINETH CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## RETALIATION

94.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

95.   29 U.S.C. § 215 prohibits an employer from discriminating against an employee for exercising rights under the FLSA. Specifically, it is unlawful to discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee. 29 U.S.C. § 215.

96.   Defendants retaliated against Plaintiff because he complained about Defendants not paying him rightfully earned wages.

## AS A TENTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK LABOR LAW
## RETALIATION

97.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

98.   Plaintiff made a complaint to Defendants about practices that violate the NYLL—to wit— Defendants' unlawful non-payment of Plaintiff's earned wages, in violation of NYLL § 193 et. al..

99.   After receiving this complaint, Defendants retaliated against Plaintiff by decreasing his

14

wage and his hours.

100. By retaliating against Plaintiff for his complaint about violations of the New York Labor Law, Defendants violated New York Labor Law § 215, which states that, "No employer ... shall discharge, penalize, or in any other manner discriminate against an employee because such employee has made a complaint to his employer ... that employer has violated any provision of [the New York Labor Law]."

101. Due to Defendants' violation of the New York Labor Law § 215, Plaintiff is entitled to recover all appropriate legal and equitable relief, including but not limited to, compensatory damages, liquidated damages, attorneys' fees and costs.

## JURY DEMAND

102. Plaintiff hereby requests a jury trial.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by **Title VII of the Civil Rights Act of 1964**, the **New York State Human Rights Law**, and the **New York City Human Rights Law**, in that Defendants subjected Plaintiff to race discrimination, and retaliation;

B. Declaring that Defendants engaged in unlawful employment practices prohibited by the FLSA and NYLL, by retaliating against Plaintiff for complaints about wages;

C. Awarding damages to Plaintiff for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful employment practices and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

D. Awarding Plaintiff compensatory damages for mental, emotional and physical injury,

15

distress, pain and suffering and injury to reputation;

E.      Awarding Plaintiff punitive damages;

F.      Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

G.      Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.


Dated:  New York, New York
        January 11, 2018


                                    **PHILLIPS & ASSOCIATES,**
                                    **ATTORNEYS AT LAW, PLLC**


                                    _____
                                    Marjorie Mesidor, Esq.
                                    Brittany A. Stevens, Esq.
                                    *Attorneys for Plaintiff*
                                    45 Broadway, Suite 620
                                    New York, NY 10006
                                    (212) 248-7431 (telephone)
                                    mmesidor@tpglaws.com
                                    bstevens@tpglaws.com

16

EEOC Form 161-A (11/16)                      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

# NOTICE OF RIGHT TO SUE
## (CONCILIATION FAILURE)

| | | |
|---|---|---|
| To: | **Anthony L. Lobben**<br>**35 East 106th Street, #9 N**<br>**New York, NY 10029** | From: **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

☐    *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2016-03038** | **Jeanette Jimenez,**<br>**Investigator** | **(212) 336-3761** |

## TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____
**Kevin J. Berry,**
**District Director**

Enclosures(s)

11-3-17
*(Date Mailed)*

CC:    **CROMWELL TOWERS C/O METROPOLITAN REALTY**
**c/o Stuart Weinberger, Esq.**
**Goldberg & Weinberger, LLP**
**630 Third Avenue**
**18th Floor**
**New York, New York 10017**

Enclosure with EEOC
Form 161-A (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

EEOC Form 161-A (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

To:  Anthony L. Lobben
35 East 106th Street, Apt 9 N
New York, NY 10029

From:  New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2017-00321 | Jeanette Jimenez, Investigator | (212) 336-3761 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Kevin J. Berry,*
**Kevin J. Berry,**
**District Director**

11-3-2017
(Date Mailed)

Enclosures(s)

cc:

**CROMWELL TOWERS**
**c/o Metropolitan Realty Group**
**c/o Stuart Weinberger, Esq.**
**Goldberg & Weinberger, LLP**
**630 Third Avenue**
**18th Floor**
**New York, New York 10017**

Enclosure with EEOC
Form 161-A (11/16)

**INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to
consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate
State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of
your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the
charge. Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
<u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA,  GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above,
because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge
file, **please make your review request <u>within 6 months</u> of this Notice**.  (Before filing suit, any request should be
made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***